# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONGON MALIK SCOTT,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 22-CV-1065-JPS

**ORDER**

On September 14, 2022, Petitioner Tongon Malik Scott ("Scott") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Scott also filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 2. Because Scott's § 2255 motion is untimely, the Court is precluded from performing a merits review of the claim alleged therein, and the Court must deny that motion and dismiss the action with prejudice. Scott's motion for leave to proceed without prepayment of the filing fee will be denied as moot.

**1.    BACKGROUND**

Scott's habeas petition arises from his criminal proceedings before this Court in *United States v. Tongon M. Scott*, 19-CR-49-2-JPS (E.D. Wis.).[1] Scott pled guilty to armed robbery in violation of 18 U.S.C. §§ 1951(a), 924(c)(1)(A)(ii), and 2. CR-ECF No. 28. He was sentenced on August 23, 2019, to a total term of 114 months' imprisonment followed by a three-year term of supervised release. CR-ECF No. 51.

---

[1] Docket references thereto will be cited as CR-ECF.

On June 21, 2022, Scott filed a motion to reduce sentence. CR-ECF No. 54. Therein, he wrote that

> [a]lthough there was a plea agreement and a waiver of rights to this case, my lawyer didn't explain to me that I was pleading a branding [sic] of a weapon, which clearly shows in the record of facts, that I never got out of the van at Speedway, at no time did I hold, brandish a weapon of such. In fact I pleded [sic] to the robbery, and the fact that I drove the van, it is my plea to the court to consider a 'sentencing reduction' do [sic] to this 'fact,' alone, that I shouldn't be punish for brandishing of a weapon.

*Id*. at 2–3.

It was his co-defendant, Payne, who brandished a pistol during the robbery of the Speedway, Scott claimed. *Id*. at 1. Scott was merely the get-away driver, he noted, having picked up Payne on the street and participated in the high-speed chase that ensued. *Id*. at 2. He therefore asserted that he should not be punished for the charge involving the brandishing of a weapon and argued that his counsel should have objected on this basis. *Id*. at 3.

In a June 22, 2022 order, the Court explained that "Defendant's motion is more properly an attempt to challenge his conviction for ineffective assistance of counsel pursuant to 28 U.S.C. § 2255—in other words, a petition for a writ of habeas corpus." CR-ECF No. 55. The Court denied the motion to reduce sentence and instructed Scott to comply with the requirements for seeking habeas relief. *Id*. On September 14, 2022, Scott filed the § 2255 motion to vacate which is now before the Court. ECF No. 1.

## 2. SCREENING

The Court must now screen Scott's petition pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the petition.

The Court begins by addressing the timeliness of Scott's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* Here, the Court sentenced Scott on August 23, 2019, and entered judgment thereon that same day. CR-ECF No. 51. Scott did not thereafter pursue any appeal to the Seventh Circuit, nor did he file a petition for certiorari in the United States Supreme Court. ECF No. 1 at 3. On his form motion under 28 U.S.C. 2255, in response to the prompt, "If you did not appeal, explain why not," Scott provided that he "sent an [a]ffidavit and the courts redirected [him] to send in the 2255 motion" and that he is "just now sending it in on ineffective assistance of counsel." *Id*. at 4, 5.

Where, as here, the petitioner never appealed to (and accordingly, received no judgment from) the Court of Appeals, and never petitioned for a writ of certiorari, the judgment of his conviction became final one year after its entry. *See Villalobos v. United States,* No. 18-CV-482, 2018 U.S. Dist. LEXIS 53891, at *2 (E.D. Wis. Mar. 30, 2018) ("On January 14, 2016, the Court sentenced him . . . . In the absence of an appeal, Villalobos' conviction became final on January 14, 2017."). Accordingly, Scott's conviction and sentence became final on August 23, 2020. That gave him until August 23, 2021 to file a motion for § 2255 relief.

Although Scott missed his deadline for filing a § 2255 motion, that does not necessarily end the Court's analysis. "There are two common-law exceptions that could still apply to render [Scott's] petition timely: the 'actual innocence' gateway and equitable tolling." *Villalobos*, 2018 U.S. Dist. LEXIS 53891, at *2–3. "In federal habeas law, the actual innocence exception is one application of the broader 'fundamental miscarriage of justice' exception to procedural default intended to ensure that 'federal constitutional errors do not result in the incarceration of innocent persons.'" *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) (internal citation omitted). "The actual innocence gateway is narrow." *Id*. at 896. A petitioner's procedural default "can be excused only if he 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28, 329 (1995)). Scott must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (internal citation omitted). A claim of actual innocence under *Schlup* is viable only if the petitioner "presents evidence not previously considered." *Gladney*, 799 F.3d at 896. "Such new evidence can take the form of any 'new

reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Id*. (citing *Schlup*, 513 U.S. at 324). "All *Schlup* requires is that the new evidence is reliable and that it was not presented at trial." *Id*. (citing *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003)).

The actual innocence exception cannot save Scott's petition from its untimeliness. Scott has presented no "new evidence" by which "no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See House*, 547 U.S. at 537. Scott's petition makes no mention of anything relating to new evidence which would prove his innocence. His § 2255 motion provides only that his lawyer failed to object to arguments (specifically, that his lawyer failed to object to the fact that Scott apparently unknowingly pled to a charge involving the brandishing of a firearm when Scott never had a firearm). ECF No. 1 at 7 ("My lawyer failed to object or bring to your knowledge that I was pleading to a 924(c) when I have never been in possession of guns and or drugs."). This does not constitute new evidence not previously considered. *See Villalobos,* 2018 U.S. Dist. LEXIS 53891, at *3 ("All of Villalobos' grounds for relief are assertions that he received ineffective assistance of counsel . . . . None of the grounds even mention innocence, so it appears he is not asserting such a claim.").

Alternatively, the exception of equitable tolling may render Scott's petition timely. Equitable tolling can excuse an untimely petition if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (internal citation omitted). The Court cannot necessarily say that Scott has not been pursuing his rights diligently, but Scott has presented nothing

Page 5 of 8
Case 2:22-cv-01065-JPS   Filed 10/13/22   Page 5 of 8   Document 3

indicating that some "extraordinary circumstance" prevented him from timely filing his § 2255 petition. *See Socha*, 763 F.3d at 683. When prompted by his § 2255 form regarding why he did not appeal, Scott wrote that he sent to the Court an "affidavit and the courts redirected me to send in the 2255 motion." ECF No. 1 at 4. The Court presumes Scott is referring to the motion he filed on June 21, 2022 to reduce his sentence. CR-ECF No. 54. Even if the Court had considered that motion itself one for habeas relief and screened it as such, it too would have been untimely. In neither that motion nor the § 2255 motion before the Court does Scott allude to any extraordinary circumstance, nor any circumstance at all, that prevented him from filing those motions within the time allotted to do so. Accordingly, the exception of equitable tolling will not save Scott's § 2255 petition. The untimely filing of the motion precludes a merits review of the ineffective assistance of counsel claim alleged therein. The Court is, therefore, compelled to deny the § 2255 motion and dismiss this action with prejudice. *See Villalobos*, 2018 U.S. Dist. LEXIS 53891, at *5.[2]

### 3. MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

Along with his § 2255 motion, Scott filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 2. For a § 2255 proceeding, a petitioner is not required to submit the filing fee because such

---

[2] The ramification of this is that Scott is now subject to 28 U.S.C. § 2255's restrictions on "second or successive" motions. "A second or successive motion must be certified as provided in section 2244 . . . by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

a petition is not viewed as an independent action, but rather a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes. Accordingly, the Court will deny Scott's motion for leave to proceed without prepayment of the filing fee as moot.

### 4. CONCLUSION

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Scott must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Because the untimeliness of Scott's petition inescapably mandates denial, as explained above, the Court cannot fairly conclude that reasonable jurists would debate whether Scott's motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Accordingly,

**IT IS ORDERED** that Petitioner Tongon Malik Scott's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Tongon Malik Scott's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

Page 7 of 8
Case 2:22-cv-01065-JPS   Filed 10/13/22   Page 7 of 8   Document 3

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Tongon Malik Scott's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.